GEORGE ZELLERS, PROSECUTOR, v. CUMBERLAND TRAC-
TION COMPANY ET AL., DEFENDANTS.

Submitted October term, 1924—Decided January 23, 1925.

**Public Utilities—Motor Buses—Prosecutor's Contention That
Commissioners Mistakenly Treated as a Whole the Route
Over Which Prosecutor was Operating Bus;  That He was
Operating Prior to March 15th, 1921, and That Cumberland
Traction Company was Itself Operating Without Permits,
Does Not Affect Jurisdiction of Commission Over Contro-
versy and Power to Make Order to Discontinue Operation
of Prosecutor's Buses.**

On *certiorari*.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *Wescott & Weaver* and *Rex A. Don-
nelly.*

For the defendants, *Walter H. Bacon* and *Thomas Brown.*

PER CURIAM.

The writ of *certiorari* was allowed, in this case, to review
the legality of an order made by the board of public utility
commissioners, dated July 24th, and to become effective
August 21st, 1924, under which George Zellers, the prosecu-
tor, was ordered to discontinue the operation of any auto-bus
or auto-buses on the route therein described, without obtain-
ing the necessary municipal permits and the approval of the
board of public utility commissioners.  The operation with-
out such permits and approval, the board held was unlawful.
The prosecutor seeks to set aside the order of the board of
public utility commissioners, and he writes down twelve rea-
sons for setting aside the order, as follows:

1. The board of utility commissioners had no jurisdiction
in the matter, because the said George Zellers was legally

and regularly operating his auto-buses over the route in question by municipal licenses and consents, prior to March 15th, 1921, which, by virtue of section 2, chapter 149, laws of 1921, exempted him from such jurisdiction.

2. Because the said board mistakenly held that the route from Millville to Bridgeton should be treated as a whole, and that it had jurisdiction because municipal consents had not been renewed for the entire route, even though such consents had been renewed for part of said route.

3. That the finding set forth in the preceding reason is extraneous to the pleadings, and was not discussed in the argument, and, hence, prosecutor has never had an opportunity to be heard thereon.

4. That no change in said route has been made by prosecutor, but it is the same route over which he has operated since the year 1919.

5. That said route does not, in whole or part, parallel upon the same street the line of any street railway or traction railway within the meaning of the act aforesaid.

6. That the Cumberland Traction Company, which was the complainant in said matter before said board, has no franchise to operate its lines over the route in question, and, hence, is not a line paralled by the bus route operated by prosecutor.

7. Said board of commissioners was without jurisdiction, because said route, as shown by said order, lies upon a turnpike and not upon a street within the meaning of the act aforesaid.

8. That the order in question, by ordering prosecutor to cease operations over said route, has created a monopoly in transporting passengers in favor of said traction company, the complainant in the matter.

9. That the whole procedure of defendant traction company in the matter under review is an admixture of fraud and deceit calculated to destroy a valuable public utility and to create thereby for itself a transportation monopoly over the route in question.

10. If any statute law purports to give the board of public utility commissioners the power to create a monopoly over said route in favor of said traction company to the exclusion of the said prosecutor, said law or laws are unconstitutional and void.

11. That the order in question prohibits prosecutor from operating his auto-buses over said route in Fairfield township, though he has never had a hearing thereon before the authorities of said township, or an opportunity to be heard as to the same.

12. That said order is in divers other respects illegal and void and should be set aside.

The prosecutor in the brief says the narrow question is one of jurisdiction of the board of public utility commissioners to make the order. The defendants, however, argue the reasons may all be summarized under three heads as follows:

*First.* The board mistakenly treated as a whole the route over which the prosecutor was operating its buses.

*Second.* The fact that the prosecutor was operating the buses prior to March 15th, 1921, removed him from the jurisdiction of the board.

*Third.* The Cumberland Traction Company was itself operating its street railways without first obtaining a franchise from the municipalities in which it operated.

It is not disputed that the prosecutor has not the consent to operate his buses from the city of Bridgeton or from the township of Fairfield, through which a portion of his route runs. The point, however, urged by the prosecutor, is that the board of public utility commissioners is without jurisdiction to make the order, because the prosecutor was operating his buses over the route in question by municipal license and consents prior to March 15th, 1921.

We think the act (*Pamph. L.* 1921, *p.* 390) is decisive of this entire controversy; that act provides (section 15) the board shall have general supervision and regulation of, jurisdiction and control over, all public utilities, &c. "Public utility" shall include "auto-bus, commonly called jitney, the

route of which, in whole or in part, parallels upon the same street, the line of any street railway or traction railway."

Section 2 provides: The powers of the board shall not include any supervision over the operation of any auto-bus, "over its present route, under and in accordance with the consent of the municipal authorities granted therefor prior to March 15th, 1921, by the owner of such consent on said date, or under and in accordance with the renewal of such consent granted to such owner as aforesaid, for further operation by him, upon the expiration of the time limit set forth in such consent."

As stated, the prosecutor does not, at the present time, hold any consents to operate his buses from the city of Bridgeton or from the township of Fairfield, through which a portion of his route runs.  This point was considered by Vice-Chancellor Leaming in the case of Healey v. Sidone, filed May 26th, 1924.

Under this statute we think the board of public utility commissioners had jurisdiction over the controversy and power to make the order under review.  This, we think, renders unnecessary any further discussion of the reasons filed for setting aside the order.

The order of the public utility commissioners under review is affirmed and the *supersedeas* issue is vacated.